# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHN HORTON and  
CAROLYN HORTON, )  
                                          )  
    Plaintiffs, )  
                                          )  
v.                                     )   Case No. CV412-127  
                                          )  
MAERSK LINE, LIMITED, )  
                                          )  
    Defendant. )

## REPORT AND RECOMMENDATION

Before the Court is a civil contempt motion aimed at enforcing an Fed. R. Civ. P. 45 documents subpoena. Doc. 23. Some background: Plaintiff John Horton was working a lasher on the forward riverside deck section of the M/V Sealand Champion, a vessel operated and maintained by defendant Maersk Line, Limited (MLL), when a crane operator struck a large container against a fixed object, causing the twistlock to dislodge from the container. Doc. 17 at 3.[1] The twistlock fell on Horton's head and broke his neck. *Id.* Joined by his wife, he brought this action under,

---

[1] For the purposes of this motion, the Court will accept plaintiff's "Status Report" assertions as true.

*inter alia*, the Savings to Suitors clause of 28 U.S.C. § 1333 and Georgia law. Doc. 1-1 at 7.

Denying liability, doc. 4, MLL subpoenaed documents from Ports America (PA), Horton's then-employer, under Fed. R. Civ. P. 45. Doc. 23 at 1. PA, shown to be within Rule 45(c)(3)(A)(ii)'s limits,[2] doc. 23-1 at 2, ignored MLL's subpoena, and counsel-to-counsel attempts to, in good faith, secure voluntary compliance have failed. Doc. 23 at 1-2. MLL thus moves to hold PA in civil contempt to compel production. *Id.* at 1-2. PA, hand-served a copy of the motion, doc. 23 at 3, has not responded, so under Local Rule 7.5 the motion is deemed unopposed.

MLL's subpoena was served on PA using a process server who attests to service. Doc. 23-1 at 5. The subpoena even included a copy of Rule 45, which warns of contempt sanctions for willful disobedience. *Id.* at 4; *see* Rule 45(e). MLL's subpoena seeks nothing unusual, doc. 23-1 at 5 (employment file, Stevedore unloading plan, etc.), and there is no apparent good cause to justify non-compliance. Under Rule 45(e)

---

[2] *See* Fed.R.Civ.P. 45(e) (allowing a court to hold in contempt any person who refuses to obey a subpoena unless "the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)").

a non-party's failure to comply with a subpoena -- even in the absence of further court order -- exposes that non-party to possible contempt. Fed. R. Civ. P. 45(e) (court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena...."); *Matter of Certain Complaints Under Investigation by an Investigating Committee of Judicial Council of the Eleventh Circuit*, 783 F.2d 1488, 1495 (11th Cir.) ("[i]f a witness disregards the subpoena and fails to comply without filing a timely motion to quash, the witness may be found in contempt of court, with no need for any further court order"), *cert. denied sub nom. Hastings v. Godbold*, 477 U.S. 904, 106 S. Ct. 3273, 91 L.Ed.2d 563 (1986).

*Kramer Scientific Laboratory Products Corp. v. Golf Medical Corp.*, 2011 WL 5914255 at * 3 (S.D. Fla. Nov. 28, 2011) (footnote omitted).

The Court should therefore **GRANT** ML's contempt motion (doc. 23), find PA in contempt, then **ORDER** it to comply with the subpoena and award MLL's fees and costs.[3] Doc. 23 at 2. Should this Report and Recommendation be adopted,[4] PA also should be directed pay the Clerk

---

[3] MLL and PA, upon adoption, are directed to confer and attempt resolution of MLL's fees and costs; MLL may again seek judicial assistance if that effort is fruitless.

[4] Magistrate Judges lack authority to impose contempt in this context. 28 U.S.C. § 636(e); *Wallace v. Kmart Corp.*, 687 F.3d 86, 90-91 (3rd Cir. 2012).

3

of Court $500/day commencing on the eleventh day after service of the adoption Order upon it,[5] if it continues to fail to comply.

**SO REPORTED AND RECOMMENDED** this 22nd day of October, 2012.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Clerk shall immediately serve PA with this Report and Recommendation at the address listed on doc. 23-1 at 2.

4