# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN HORTON and<br>CAROLYN HORTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CV412-127 |
| | ) | |
| MAERSK LINE, LIMITED, and<br>A.P. MOLLER-MAERSK A/S, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this maritime personal injury case, defendant A.P. Moller-Maersk A/S (APMM) moves under Fed. R. Civ. P. 35 for an Order directing plaintiff John Horton[1] to submit to an Independent Medical Examination (IME) by AMPP's selected neurologist, Joel Greenberg,

---

[1] According to Horton and his wife (suing for loss of consortium, doc. 1-1 at 10), he was injured while working as a longshoreman on co-defendant Maersk Line, Limited's (MLL's) vessel.   Doc. 1-1 at 7 ¶ 5; doc. 56 at 3.   A "twistlock fell from a container that was suspended in the air. The container was owned and maintained by Defendant APMM, and Plaintiffs believe that the twistlock became dislodged after striking another object because the corner casting was in disrepair, having been shaved or cut by a welding torch. Plaintiffs also contend that MLL conducted a deficient investigation into the cause of Plaintiff John Horton's injury, and that Defendant MLL did not properly supervise loading." Doc. 56 at 3-4.  Defendants deny liability. *Id.* at 4-5.

M.D.  Doc. 73.  Horton opposes, insisting he has already been examined by neurologist Kevin Ammar, M.D., who is highly qualified and was "not an expert hired for purposes of litigation."  Doc. 89 at 2.  Plus, Greenberg is employed by Memorial Hospital, which is represented by AMPP's law firm.  *Id.*  In any event, since Ammar has provided an opinion, AMPP cannot show the good cause Rule 35 requires for another one.  *Id.*

"The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  The order may be made only on motion for good cause shown.  Rule 35(a)(2); *Schlagenhauf v. Holder*, 379 U.S. 104, 118-22 (1964).  Duplication is a factor courts may consider:

> Under [Fed. R. Civ. P.] 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* at 26(b)(2)(C).  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the

importance of the proposed discovery in resolving the issues. Id. at 26(b)(2)(C)(iii).

*Mitchell v. Aramark*, 2012 WL 5608376 at * 2 (E.D. La.  Nov. 15, 2012).

Note, however, that Rule 35's language

> "does not limit the number of examinations." *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D.Iowa 1994). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances of the underlying request." *Id.* "Even when an examination has been previously ordered in the same case, a subsequent examination may be ordered if the court deems it necessary." *Id.* at 637–38 (citing *Lewis v. Neighbors Constr. Co., Inc.*, 49 F.R.D. 308, 309 (W.D.Mo.1969)).

*Terrell v. Harder Mechanical Contractors Inc.*, 2011 WL 1483548, *2 (N.D. Cal. Apr. 19, 2011).

As in *Mitchell*, there is no dispute here that John Horton has placed his medical condition in dispute.  And, while cast as a general negligence case (originally filed in state court, then removed to this Court), doc. 1-1; *see also* doc. 56 (Status Report silent on whether any statutory remedies are contemplated), it is unclear whether Horton has or will invoke one of the federal protective statutes,[2] *see* doc. 1-1; doc. 73-

_____

[2] *See, e.g., Bunn v. Oldendorff Carriers GmbH & Co. KG*, ___ F.3d ___, 2013 WL 3722366 (4th Cir. July 17, 2013) (longshoreman brought negligence action under the

4 at 2, so one inquiry is the purpose of Ammar's examination and treatment, whether it is periodic in nature, etc.[3]

Litigation efficiency is not served by gratuitously allowing duplicative examinations. The Court will tilt in APMM's favor, however,

---

Longshore and Harbor Workers' Compensation Act against shipowner after longshoreman slipped and fell on a patch of untreated ice when loading the vessel).

[3] The choice of remedies is material to the analysis here:

> Under either the Jones Act or general maritime law, the employer of a seaman injured during the scope of his employment is obligated to provide maintenance and cure. 46 U.S.C. § 30104. "When a seaman becomes ill or injured while in the service of his ship, the shipowner must pay him maintenance...." *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1499 (5th Cir.1995) (abrogated on other grounds by *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 427 (2009)). "Cure" is the right to necessary medical services. *Harrison v. Diamond Offshore Drilling, Inc.*, No. 07–417, 2008 WL 708076, at * 14 (E.D. La. Mar. 6, 2008) (citing *Guevara*). Because the employer's treatment obligation arises regardless whether litigation is consummated, courts in this district have found that such treatment did not constitute an independent medical examination for purposes of litigation. *McClanahan v. Transocean Offshore International Ventures, Ltd.*, No. 05–2099, 2006 WL 2989243, at *2 (E.D. La. Oct. 19, 2006) (finding that party had "provided no authority depriving [Jones Act] employers of independent medical examinations on grounds that they selected and/or paid for a seaman's treating physicians."). Further, courts have found that where treatment is periodic in nature, such treatment is not properly classified as an IME. *See, e.g., Atkinson v. Warrior Energy Services Corp.*, No. 09–7769, 2010 WL 4067623, at *1–*2 (E.D. La. Oct. 15, 2010) (finding that doctor's two-month treatment of patient was periodic, instead of an IME).

*Mitchell*, 2012 WL 5608376 at * 3 (footnote omitted).

4

as even Horton concedes that APMM "may [have] some room to argue about the lasting effects Mr. Horton's injuries. . . ."  Doc. 89 at 2 n. 1. John Horton, in that regard, specifically pleads permanent, continuous pain and suffering.  Doc. 1-1 at 10 ¶¶ 16-17 (he "has endured and will continue to endure physical and mental pain and suffering.  Plaintiff John Horton's injuries are permanent. . . .").   A later-in-time examination, at APMM's expense, would be useful to document current pain levels and projected persistence.  And Horton no doubt will seek a large verdict to cover those specific damages.  All it takes is a reasonable basis to support Rule 35's good cause requirement, and that has been shown here.  *Mitchell v. Iowa Interstate Railroad Ltd.*, 2009 WL 2431590 at * 2 (C.D. Ill. Aug. 5, 2009); *Geer v. Amex Assur. Co.*, 2009 WL 4646021 at * 2 (E.D. Mich. Dec. 4, 2009).[4]

Finally, the Court overrules Horton's objection -- that Greenberg may be biased because he is employed by the same hospital represented

---

[4] "If the movant has shown good cause for a medical examination, the potential examinee who seeks to avoid the examination must make a *prima facie* showing that the proposed test is potentially dangerous or painful. If the examinee satisfies this initial burden, the burden shifts to the movant to demonstrate the need for the examination and its safety." *Byers v. Lncoln Elec. Co.*, 2008 WL 3200277 at * 1 (N.D. Ohio Aug. 5, 2008).  Horton has made no such showing here.

by defense counsel's firm -- as without merit.  There is no legal basis for prejudging an expert's credibility at the IME stage, *see Mitchell*, 2012 WL 5608376 at * 4, and bias is grist for the cross-examination mill.

Accordingly, the Court **GRANTS** APMM's motion for a Rule 35 examination.  Doc. 73.

**SO ORDERED,** this day of August, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA